UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION
CIVIL ACTION NO.:

| | |
|---|---|
| JILL PARKER and KEITH PARKER,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY,<br><br>    Defendant. | **CINCINNATI'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendant, THE CINCINNATI INSURANCE COMPANY ("Cincinnati"), by and through the undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 and Local Civil Rule 5.3, that it has removed the above-captioned matter to the United States District Court, District of South Carolina, Rock Hill Division (the "Notice"). A copy of this Notice is being filed with the Clerk of the Court of Common Pleas, York County, South Carolina and provided to all adverse parties pursuant to 28 U.S.C. 1446(b). In support of this Notice, Cincinnati states the following:

**PROCEDURAL HISTORY AND CASE BACKGROUND**

On April 23, 2025, Jill Parker and Keith Parker ("Plaintiffs") filed a legal complaint against Cincinnati in the Court of Common Pleas of York County, State of South Carolina ("Complaint"). *See Exhibit A, Complaint.* On June 10, 2025, Plaintiffs served a copy of Plaintiffs' Complaint upon the South Carolina Department of Insurance. *See Exhibit B, SC Dept. of Ins. Ltr.* The South Carolina Department of Insurance forwarded the Complaint to Cincinnati, and Cincinnati actually received the Complaint on June 18, 2024. *See Exhibit B, SC Dept. of Ins. Ltr.* The time for Cincinnati to remove this Action to Federal Court has not yet expired.

The Complaint regards whether an insurance policy ("Policy") issued to Plaintiffs requires Cincinnati to indemnify Plaintiffs for damages Plaintiffs allege they incurred because of two separate hailstorms. The Policy pertains to, *inter alia*, Plaintiffs' residential property located at 2006 Farrow Road in Rock Hill, South Carolina (the "Property"). *See Ex. A, Complaint, ¶ 5.* The Complaint alleges that one hailstorm impacted the Property on October 20, 2023 and that a second hailstorm impacted the Property on April 20, 2024, with both storms purportedly causing damage to the Property. *See Ex. A, Complaint, ¶¶ 7, 10.* Plaintiffs contend that despite notifying Cincinnati of their alleged losses, Cincinnati paid for soft metal damage only but otherwise failed to pay for allegedly covered losses. *See Ex. A, Complaint, ¶ 9, 24.*

Plaintiffs' Complaint includes allegations against Cincinnati for purported (1) Breach of Contract; and (2) Bad Faith Refusal to Pay Benefits. *See Ex. A, Complaint, ¶¶ 21–36.* Plaintiffs' Complaint alleges, in its Prayer for Relief, that Plaintiffs seek compensatory damages in excess of $25,000, as well as treble damages, punitive damages, and attorney's fees. *See Ex. A, Complaint, at p. 5.*

Although the Complaint does not specifically state the full amount of alleged damages Plaintiffs are seeking, Plaintiffs purported breach of contract damages, alone, are pled to be "an amount in excess of $25,000," *i.e.* greater than or equal to $25,000.01. *See Ex. A, Complaint, ¶ 25.* Because Plaintiffs also seek treble damages, among others, which are considered when determining the amount in controversy, the Complaint's allegations clearly demonstrate the amount in controversy exceeds $75,000. *See Ex. A, Complaint, ¶ 25; id., at p. 5.* Moreover, prior to filing suit, Plaintiffs took the position that their covered property damages totaled at least $59,868.43. *See Exhibit C, April 16, 2025, Merritt Roofing, LLC Estimate.* Again, Plaintiffs' Complaint seeks additional amounts under other legal theories, including treble damages, punitive damages, and attorney's

fees. While Cincinnati disputes Plaintiffs' position, these issues demonstrate a dispute between the Parties in excess of $75,000.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

Under 28 U.S.C. § 1332, this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states . . . ." *Id.* Here, both criteria are met.

### I.     The Amount in Controversy Exceeds $75,000

As indicated above, the amount in controversy exceeds $75,000, exclusive of costs and interest. A federal court has diversity jurisdiction over an action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties have complete diversity of citizenship. *See* 28 U.S.C. § 1332(a); *Elliott v. American States Insurance Company*, 883 F.3d 384, 394 (4th Cir. 2018); *see also Snyder v. Harris,* 394 U.S. 332, 335, 89 S. Ct. 1053, 1057, (1969); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 64 S. Ct. 5 (1943) (holding that punitive as well as compensatory damages are to be considered in determination of whether requisite jurisdictional amount is actually in controversy); *Wood v. Stark Tri-County Bldg. Trades Council,* 473 F.2d 272 (6th Cir. 1973) (holding same); *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir. 1995) (holding consistent with *Snyder v. Harris); First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.,* 648 F. App'x 861, 864 (11th Cir. 2016); *Auto Money North, LLC v. Walters*, 737 F. Supp. 3d 330, 343 (holding that treble damages, punitive damages, and attorney's fees are considered when assessing amount in controversy).[1]

---

[1] Pursuant to 28 U.S.C. § 1446(a), a removing party need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "The key inquiry in determining whether the amount-in-controversy requirement is met is not whether the

Here, Plaintiffs' claimed damages against Cincinnati relative to the Breach of Contract Count alone are an "amount in excess of $25,000" and Plaintiffs have represented the value of their insurance claim to total approximately $59,868.43. *See Ex. A, Complaint, ¶ 25; Ex. C, April 16, 2025, Merritt Roofing, LLC Estimate.* Additionally, Plaintiffs seek to treble their alleged compensatory damages, as well as recover punitive damages and attorney's fees. *See Ex. A, Complaint, at p. 5.* Accordingly, the jurisdictional amount in controversy is clearly met.

## II.    Complete Diversity of Citizenship Exists

Plaintiffs are both citizens of and domiciled in South Carolina. *See Ex. A, Complaint, ¶ 1.* Thus, Plaintiffs are not citizens of Ohio; are citizens of South Carolina; and are completely diverse from Cincinnati.

Cincinnati is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Fairfield, Ohio. *See Exhibit D, Certificate of Amendment to Articles of Incorporation of The Cincinnati Insurance Company*; *see also* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"). Thus, Cincinnati is a citizen of Ohio.

Given that Plaintiffs are both citizens of South Carolina and Cincinnati is a citizen of Ohio, complete diversity exists between the Parties.

## CONCLUSION

Because the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, and this matter is between citizens of different states, this Honorable

---

plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *See Padgett Properties, LLLP v. Nautilus Insurance Co.*, 645 F. Supp. 3d 538, 542 (E.D.N.C. 2022), *citing Scott v. Cricket Communications, LLC*, 865 F.3d 189, 196 (4th Cir. 2017).

Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiffs and shall be contemporaneously filed with the Clerk's Office for the Court of Common Pleas of York County, South Carolina. A copy of the Notice of Filing the Notice of Removal, which shall be filed in the State Court action, is attached hereto as *Exhibit E*.

This Notice of Removal is not a waiver of any of Cincinnati's defenses, nor should it be understood or construed as a waiver of any defense Cincinnati may hereafter have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, The Cincinnati Insurance Company removes the above-captioned Action from the Court of Common Pleas of York County, South Carolina, to the United States District Court, District of South Carolina, Rock Hill Division.

This the 15th day of July, 2025.

                      BUTLER WEIHMULLER KATZ CRAIG LLP

                      **/s/ T. Nicholas Goanos**
                      T. Nicholas Goanos
                      D.S.C. Bar No.: 11971
                      Roman C. Harper
                      D.S.C. Bar No.: 13418
                      11525 N. Community House Road, Suite 300
                      Charlotte, North Carolina 28277
                      Telephone:  704.543.2321
                      Facsimile:   704.543.2324
                      Email:       tgoanos@butler.legal
                      Email:       rharper@butler.legal
                      *Attorneys for The Cincinnati Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic filing with the United States District Court, District of South Carolina by using the CM/ECF System and by placing the same, postage paid, in the U.S. Mail on July 15, 2025, addressed to all counsel or parties of record as follows:

SALTER SHOOK
Brittany N. Conner
P.O. Box 1040
Vidalia, GA 30475
(912) 537-2666
bconner@vidalialaw.com
*Attorney for Plaintiffs*

**/s/ T. Nicholas Goanos**
T. Nicholas Goanos