**EXHIBIT A**

ELECTRONICALLY FILED - 2025 Apr 23 2:25 PM - YORK - COMMON PLEAS - CASE#2025CP4601722

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF YORK | Civil Action No.: 2025-CP- |

JILL PARKER and KEITH PARKER
   *Plaintiffs,*

vs.

THE CINCINNATI INSURANCE COMPANY,

   *Defendant.*

**SUMMONS**

TO THE DEFENDANT: THE CINCINNATI INSURANCE COMPANY,

   YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

   This the 23rd day of April, 2025.

/s Brittany N. conner_____
Brittany N. Conner, State Bar No. 103872
*Attorney for Plaintiff*
Salter Shook
P.O. Box 1040
Vidalia, GA 30475
Tel: 912-537-2666
bconner@vidalialaw.com

1

ELECTRONICALLY FILED - 2025 Apr 23 2:25 PM - YORK - COMMON PLEAS - CASE#2025CP4601722

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF YORK | IN THE COURT OF COMMON PLEAS<br>Civil Action No.: 2025-CP- |
| JILL PARKER and KEITH PARKER<br>    *Plaintiffs,*<br><br>vs.<br><br>THE CINCINNATI INSURANCE<br>COMPANY,<br><br><br>    *Defendant.* | **COMPLAINT**<br>**(Jury Trial Requested)** |

NOW COMES THE PLAINTIFFS, complaining of the Defendant as follows:

1. Jill Parker and Keith Parker (hereinafter " Parkers") are husband and wife and joint owners and residents of 2006 Farrow Road, Rock Hills, South Carolina.

2. The Defendant, The Cincinnati Insurance Company (hereinafter "Cincinnati" or "Defendant") is an insurance company that sells casualty and other insurance within the state of South Carolina and in York County.

3. This matter involves a dispute over an insurance policy issued to the Plaintiffs by the Defendant. This court has subject matter jurisdiction to hear this case.

4. Venue is proper in York County, in as much as the property contractually insured by the Defendant is situated in this county.

## FACTUAL BACKGROUND

5. At all times relevant to this action, Plaintiffs paid the required premiums for a contracted special multi-peril insurance policy, number H010633111 (the "Policy"), issued by Cincinnati insuring 2006 Farrow Road Rock Hill, South Carolina 29732 (the "Property"), with a policy period of August 1, 2023, through August 1, 2024.

6. Plaintiffs are owners of the Property and the named insured under the Policy.

7. On October 20, 2023, as a result of a hailstorm, the Property suffered damage ("October Storm").

8. As a result of the October Storm, Cincinnati inspected the Property and admitted that the HVAC vent cap suffered hail damage but alleged that the roof did not have evidence of hail damage.

9. After multiple requests for re-inspection and reconsideration, Cincinnati then issued payment to cover the "soft metal damage only."

10. On April 20, 2024, the Plaintiff's Property again suffered damage as a result of a hailstorm ("April Storm").

11. The April Storm produced large hail and violent winds, which were photographed by Plaintiffs and provided to Cincinnati.

12. On June 19, 2024, Merritt Roofing of Fort Mill, South Carolina, informed Cincinnati that there was "storm damage to the roof" and provided time-stamped photo documentation of this damage.

13. On June 28, 2024, Cincinnati denied coverage for the April Storm, claiming there was no evidence of storm-related damage.

14. At all times relevant to this action, and under the terms of the Policy, Defendant provided insurance coverage on the Property for damage resulting from hail and wind, as well as other forms of damage.

15. Pursuant to the terms of the Policy, Plaintiffs submitted a claim to Defendant to recover the cost of repairs to the Property as a result of the loss.

16. Incorporated into Plaintiffs' policy is additional insurance coverage titled "Guaranteed Replacement Cost Protection."

17. Inexplicably, on February 10, 20205, Cincinnati claimed pursuant to the policy, it was only responsible for payment of the actual cash value.

18. The February 10, 2025, statement by Cincinnati was a mischaracterization of the insurance policy.

19. On February 27, 2025, after an additional inspection of the property, and significant photographic and video evidence of hail stones, Cincinnati attempted to limit the amount owed to the Plaintiffs, alleging that Cincinnati must only pay for the cost of repairs at the time of the physical loss by stating via a Letter dated February 27, 2025:

> However, even if a covered loss had damaged each of the Insured Location's components as identified in the Merritt Estimate, which again Cincinnati disputes, the Policy's provisions would nonetheless apply to limit the amount of applicable indemnification, if any. For example, per the Policy, indemnification for a covered loss is limited to the cost of replacement "*at the time of 'physical loss.'*" See Policy, Form EXECUTIVE CAPSTONE™ A (10/16), at p. 27 of 44.

See Letter, Exhibit A.

20. The policy provision cited in the February 27, 2025, letter is not applicable and instead is a mischaracterization and misrepresentation of the policy. See Policy, Exhibit B.

ELECTRONICALLY FILED - 2025 Apr 23 2:25 PM - YORK - COMMON PLEAS - CASE#2025CP4601722

## COUNT I
## BREACH OF CONTRACT

21. The paragraphs above are hereby incorporated by reference as if fully set forth herein.

22. Plaintiffs contracted with Defendant to provide coverage for loss to the Property, including loss caused by hail and wind, subject to certain conditions and exclusions as stated in the contract of insurance.

23. Plaintiffs timely notified the Defendant of the loss and provided supporting information and materials regarding the loss when requested.

24. The Defendant has materially breached its contract with the Plaintiffs in one or more of the following ways:

    a.  Failed to pay for losses covered by the insurance policy.
    b.  Failed to properly investigate the loss.
    c.  Accepted premiums but failed to provide coverage for documented losses.
    d.  And other ways to be proven through discovery in this matter.

25. As a proximate result of the breach of contract by the Defendant, the Plaintiffs have been damaged in an amount in excess of $25,000.

26. Plaintiffs are entitled to recovery attorney's fees pursuant to S.C. Code § 38-59-40.

## COUNT II
## BAD FAITH REFUSAL TO PAY BENEFITS

27. The paragraphs above are hereby incorporated by reference as if fully set forth herein.

28. The subject Policy constituted a mutually binding contract between Plaintiffs and Defendant whereby Defendant, in exchange for payment of the insurance premium, promised to provide certain benefits to Plaintiffs in the event of a loss regarding the Property.

29. Plaintiffs suffered a loss to the Property as a result of hail and wind.

30. Plaintiffs timely reported the claim and otherwise cooperated with Defendant.

31. Defendant has unreasonably failed and refused to pay money owed on the claim.

32. Defendant has also unreasonably and wrongfully attempted to render the Policy null and void despite actual knowledge of hail damage.

33. As set forth above, Defendant has engaged in a number of improper claim practices in violation of S.C. Code Ann. § 38-59-20, including but not limited to:

    a. Knowingly misrepresenting to its insured pertinent facts or policy provisions relating to coverages at issue and providing deceptive or misleading information with respect to coverages; <u>See Exhibit A.</u>
    b. Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;
    c. Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims;
    d. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of a claim in which liability had become reasonably clear;
    e. Compelling claimants to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies;
    f. Invoking policy defenses not in good faith and with a reasonable expectation of prevailing with respect to the policy defense, but for the primary purpose of discouraging or reducing a claim;
    g. Engaging in other practices constituting an unreasonable delay in paying or an unreasonable failure to pay or settle claims in full, including needlessly and vexatiously expanding these proceedings; and
    h. Other way to be proven during discovery.

34. Defendant's refusal to provide Plaintiffs coverage under the Policy results from Defendant's bad faith and unreasonable actions, in a breach of the implied covenant of good faith and fair dealing arising in the Policy.

35. As a direct and proximate result of Defendant's bad faith and refusal to provide coverage to Plaintiffs, they have been damaged and continue to incur additional damages in an amount to be determined at trial.

36. Because Defendant's conduct is willful, wanton, and done with reckless disregard for Plaintiff's rights, they are also entitled to recover punitive damages.

    THEREFORE, the Plaintiffs pray unto the Court for the following relief.

1. That the Plaintiffs have and recover of the Defendant compensatory damages in excess of $25,000.00 and treble damages for unfair and deceptive trade practices, bad faith, and punitive damages if such is allowed by law.

2. That the costs of this action, together with interest, be taxed against the Defendant.

3. That the Plaintiffs have and recover attorney fees if such is allowed by law.

4. That all issues be tried to a jury.

ELECTRONICALLY FILED - 2025 Apr 23 2:25 PM - YORK - COMMON PLEAS - CASE#2025CP4601722

ELECTRONICALLY FILED - 2025 Apr 23 2:25 PM - YORK - COMMON PLEAS - CASE#2025CP4601722

5.  For such other relief as the Court deems just and proper.

This the 23rd day of April, 2025.

    /s Brittany N. conner_____
Brittany N. Conner, State Bar No. 103872
*Attorney for Plaintiff*
Salter Shook
P.O. Box 1040
Vidalia, GA 30475
Tel: 912-537-2666
bconner@vidalialaw.com



TAMPA
DALLAS
CHICAGO
CHARLOTTE
PHILADELPHIA
TALLAHASSEE
MOBILE
MIAMI

ELECTRONICALLY FILED - 2025 Apr 23 2:25 PM - YORK - COMMON PLEAS - CASE#2025CP4601722

February 27, 2025

<u>**Via Email Only**</u>
Mr. Keith Parker
Mrs. Jill Parker
c/o Brittany Conner, Esq.
Chad T. Wilson Law Firm, PLLC
bconner@vidalialaw.com

    **Re:**    **Insureds:**    **Keith Parker; Jill Parker**
            **Claim nos.:**    **4203914**
                            **4295582**
            **Policy no.:**    **H01 0633111, eff. Aug. 1, 2023 to Aug. 1, 2024**
            **Insured Location:**    **2006 Farrow Drive, Rock Hill, SC 29732**

Dear Brittany:

    As you know, The Cincinnati Insurance Company ("Cincinnati") has retained the undersigned counsel to represent it, relative to the insurance claims identified above ("Claims"), which Mr. Keith Parker and Mrs. Jill Parker ("Insureds") have submitted under the above-identified insurance policy ("Policy"). We write in further response to the Insureds' letter dated September 9, 2024, including in light of Cincinnati's November 12, 2024 re-inspection of the Insureds' property at 2006 Farrow Drive in Rock Hill, South Carolina ("Insured Location") and its review of photographs and video clips purportedly showing hail stones at the Insured Location and submitted by the Insureds via counsel for the first time on November 14 and 15, 2024. *Specifically, and as discussed below, under separate cover, Cincinnati shall issue further payment to the Insureds totaling $39,630.23 to resolve the Claims*.

    As discussed in our October 2, 2024 letter requesting a re-inspection of the Insured Location, on September 10, 2024 we received the Insureds' letter dated September 9, 2024, and, for the first time, an August 24, 2024, estimate ("Merritt Estimate") prepared by the Insureds' roofing contractor, Merritt Roofing, LLC. Per the Merritt Estimate, Merritt Roofing estimates the "replacement cost" of certain work at the Insured Property as of July 2024 totaled $56,969.68. The Merritt Estimate does not identify the replacement cost of purported damages as of the purported October 20, 2023 and April 20, 2024 dates of loss the Insureds assert give rise to Claims. Nor does the Merritt Estimate provide any calculations for deductions required by the terms of the Policy for any payments made prior to the completion of repairs.

    Moreover, the Insureds, upon providing the Merritt Estimate to Cincinnati, demanded that Cincinnati pay *$100,000.00* to resolve the Claims. Since they first produced the Merritt Estimate on September 10, 2024, the Insureds have continued to demand that Cincinnati

**BUTLER WEIHMULLER KATZ CRAIG LLP**
Mail Center: 400 North Ashley Drive ° Suite 2300 ° Tampa, FL 33602
Physical Address: 11525 N. Community House Rd. ° Suite 300 ° Charlotte, NC 28277
P 704.543.2321 ° F 704.543.2324
www.butler.legal

**PLAINTIFF'S EXHIBIT A**

Ms. Brittany Conner
February 27, 2025
Page 2

**BUTLER**

ELECTRONICALLY FILED - 2025 Apr 23 2:25 PM - YORK - COMMON PLEAS - CASE#2025CP4601722

pay them tens of thousands of dollars **_more than_** the Merritt Estimate without providing any supporting evidence of corresponding damages covered by the Policy or identifying Policy provisions requiring such payments.

As indicated above and in light of the Insureds' demands, on October 2, 2024 Cincinnati requested a re-inspection of the Insured Location, which it subsequently conducted on November 12, 2024. Specifically, professional engineer Mr. Jason Roof of YA Engineering Services assessed the Insured Location's current conditions. **_Based upon the entirety of Cincinnati's investigation, including the re-inspection by Mr. Roof, Cincinnati disputes that the Insured Location sustained the damages indicated by the Merritt Estimate_**.

However, even if a covered loss had damaged each of the Insured Location's components as identified in the Merritt Estimate, which again Cincinnati disputes, the Policy's provisions would nonetheless apply to limit the amount of applicable indemnification, if any. For example, per the Policy, indemnification for a covered loss is limited to the cost of replacement "**_at the time of 'physical loss._**'" See Policy, Form EXECUTIVE CAPSTONE$^{TM}$ A (10/16), at p. 27 of 44.

Further, for physical loss due to windstorm or hail, the Policy's Special Provisions – South Carolina endorsement ("Special Provisions Endorsement") provides a maximum percentage of the full replacement cost an insured can recover prior to completing repairs of a "roof system," which is 75% for a "roof system" that is 10 years old or older. *See Policy, Form HR896SC (9/21) at p. 2 of 3.* Similarly, for building components other than the "roof system," an insured can only recover the "actual cash value" of any damage to such components prior to completing repairs. *See Policy, Form HR896SC (9/21), at p. 2 of 3.*

The Special Provisions Endorsement likewise explicitly provides that Cincinnati "will not duplicate any amount . . . already paid . . . for any previous loss or losses to the same damaged covered property when the damaged covered property has not been repaired or replaced . . . ." *See Policy, Form HR896SC (9/21), at p. 3 of 3.*

Notwithstanding Cincinnati's disagreement with the scope of damage sought by the Insureds via the Merritt Estimate, as a gesture of good faith and subject to Cincinnati's continued reservation of rights, Cincinnati under separate cover shall issue payment to the Insureds totaling $39,630.23. Cincinnati has calculated this amount by identifying the replacement cost of the Merritt Estimate repair scope as of April 2024, or $53,426.00, and reducing that figure by Cincinnati's prior payments and as required by the Special Provisions Endorsement. *See, e.g., Estimate enclosed herewith.* Specifically, Cincinnati already issued payments relative to the Claims totaling $2,386.36, and deductions required by the Special Provisions Endorsement due to the lack of repairs to the Insured Location total $11,409.41. As part of Cincinnati's good faith gesture in issuing this disputed payment, Cincinnati does **_not_** waive its right to rely upon any and all Policy provisions to limit or decline coverage under the Policy.

Rather, Cincinnati expressly reserves all rights and defenses that it has under the Policy and applicable law. Cincinnati does not waive such rights or defenses unless expressly done so in writing, including but not limited to the right to limit or decline coverage

Ms. Brittany Conner
February 27, 2025
Page 3

**BUTLER**

ELECTRONICALLY FILED - 2025 Apr 23 2:25 PM - YORK - COMMON PLEAS - CASE#2025CP4601722

based upon the aforementioned Policy provisions. These and other provisions may apply, and Cincinnati does not waive its right to rely upon these or any other provisions in the Policy.

Moreover, this correspondence should not be construed as an admission of liability or coverage. Any action that Cincinnati undertakes, including the aforementioned good faith payment, shall in no way constitute an admission of coverage, liability, or a waiver or estoppel of any rights that Cincinnati may have. Cincinnati expressly reserves its right to raise any and all such defenses to coverage, including the right to further disclaim coverage on any of the bases asserted in this letter, or any other basis that is now or may later become apparent. The absence of any reference in this correspondence to any other terms, conditions, definitions, or exclusions does not preclude Cincinnati from asserting them in the future.

We thank the Insureds in advance for their attention to the foregoing. If the Insureds should have any questions or concerns or otherwise wish to discuss any of the above with us, please do not hesitate to contact us at your convenience.

With kindest regards,
BUTLER WEIHMULLER KATZ CRAIG LLP

T. Nicholas Goanos
tgoanos@butler.legal

Roman C. Harper
rharper@butler.legal

Encl:      Estimate

cc:        Mr. Keith Parker
           Mrs. Jill Parker
           c/o J. Huntington Odom, III, Esq. (via email only)
           Chad T. Wilson Law Firm, PLLC
           hodom@cwilsonlaw.com

           Peoples First Insurance (via email only)
           c/o Mr. Rodney Cullum
           rcullum@peoplesfirstinsurance.com